Michael DAVIS, Petitioner—Appellant,

v.

Claude FINN, Warden, Respondent—Appellee.

No. 02–55135.
D.C. No. CV–01–06252–LGB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2003.

Decided June 18, 2003.

Before TROTT, TALLMAN, Circuit Judges, and COLLINS,* District Judge.

MEMORANDUM **

Michael Davis ("Davis") appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Davis claims that the state trial court deprived him of his Sixth Amendment right to counsel by allowing him to represent himself without adequately warning him of the dangers of self representation. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We review de novo a district court's decision to deny a 28 U.S.C. § 2254 habeas petition. *Killian v. Poole*, 282 F.3d 1204, 1207 (9th Cir.2002). Under the Antiterrorism and Effective Death Penalty Act of 1996, however, we reverse a state court decision denying relief *only* if that decision is (1) "contrary to, or involved an unrea-

---

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d); *see also Lockyer v. Andrade,* —— U.S. ——, ——, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003).

The California Court of Appeal examined Davis's written waiver and the hearing transcript and concluded that Davis "was sufficiently apprised of the dangers of self-representation to meet the requirement that 'he knows what he is doing and his choice is made with eyes open.' " *See Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Davis's difference of opinion with the state trial court regarding the potential maximum sentence he faced is not enough to render his waiver defective or demonstrate that the California Court of Appeal's decision was "contrary to, or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Edward C. Reed, Jr., Senior District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.